**GLECKMAN v. UNITED STATES**
(two cases).

Nos. 10933, 10934.

Circuit Court of Appeals, Eighth Circuit.

Feb. 3, 1938.

Patrick J. Ryan, of St. Paul, Minn., for appellant.

George A. Heisey, Asst. U. S. Atty., of St. Paul, Minn. (George F. Sullivan, U. S. Atty., and Linus J. Hammond, Asst. U. S. Atty., both of St. Paul, Minn., on the brief), for the United States.

Before STONE, WOODROUGH, and VAN VALKENBURGH, Circuit Judges.

VAN VALKENBURGH, Circuit Judge.

These are appeals from a conviction for criminal contempt. April 24, 1934, appellant was on trial in the District Court for the District of Minnesota charged with a felonious attempt to defeat and evade income taxes due the United States for the calendar years 1929, 1930, and 1931. On that date a petit jury was impaneled, of which one Bernard A. Fuchs was a member. April 9, 1937, the United States filed an information charging appellant, his brother Alexander (alias "Jap") Gleckman, one Samuel Gordon Harper, and said Bernard A. Fuchs, together with one Rose Helen Harper, then deceased, with willful, corrupt, and contemptuous misbehavior, in that the appellant, Alexander (Jap) Gleckman, Samuel Gordon Harper, and Rose Helen Harper did, on the date first above mentioned and thereafter, furnish and pay to the juror Bernard A. Fuchs the sum of $695 more or less in the aggregate, which said sum or sums were paid to, and accepted by, Fuchs in consideration of services rendered and to be rendered by him, as a juror in favor of appellant in the tax evasion cause then pending. That cause resulted in a mistrial because of the efforts of Fuchs and other jurors whom he was able to influence.

In cause No. 10934 an information was filed charging appellant and Fuchs with contempt in a retrial of said tax evasion case against appellant. The alleged contempt was stated to consist in an attempt corrupt-

ly to influence a petit juror, to wit, one Mrs. Gilbert J. Henke, in favor of appellant, the defendant in that case. In consideration of his services in that behalf it is charged that appellant furnished and paid to Fuchs, and that the latter accepted, the sum of $125 more or less in the aggregate.

The two cases were consolidated by stipulation. In these contempt proceedings defendant Fuchs appeared as a witness for the government. The court found appellant guilty of contempt as charged in both informations; the defendant Alexander (Jap) Gleckman guilty, and the defendant Harper not guilty as charged in the first information. A single penalty was assessed. Appellant alone appeals.

As stated in appellant's brief, "the sole basis of appeal is that there was no substantial support in the evidence for the findings of guilt." That evidence is, of course, largely circumstantial, and it becomes necessary to state and consider its salient features in this opinion in order to resolve this assignment of error.

Mrs. Rose Helen Harper, since deceased, was, in April 1934, employed in the office of the commissioner of parks and playgrounds of the city of St. Paul, Minn. Fuchs, an accountant and bookkeeper, had been engaged during February and March, 1934, in setting up a cost accounting system in the office of said commissioner at the court house and city hall in St. Paul; and his desk was about five or six feet away from that occupied by Mrs. Harper. They thus became well acquainted. Mrs. Harper and appellant were close friends. Gleckman had aided her in securing the position which she held. In April, 1934, Fuchs was employed at the Federal Land Bank at St. Paul. The selection of the jury in the tax evasion case was completed in the afternoon of April 24, 1934, and the jurors were permitted to go to their homes—the trial to be commenced the following morning. That night Mrs. Harper called Fuchs' home in his absence, and the next morning telephoned him to stop at her office before going to court. He complied, and she told him she desired him to do all he could for Leon Gleckman, and he said he would. She gave him $20 and a pint bottle of liquor, and told him there would be $300 more "in it for him." He voted for acquittal and made it plain during the voting that he was interested in the acquittal of the defendant. The liquor was consumed by him and others of the jury during the deliberations.

The final ballot stood nine to three for acquittal, and the jury was discharged. The next evening Mrs. Harper arrived at Fuchs' house in an automobile driven by her husband. With her was Alexander Gleckman, who was introduced to Fuchs as "Jap." She asked Fuchs about his efforts with the jury and told him he had done a good job. She then asked "Jap" to pay Fuchs $300, which he did.

Special agents of the Intelligence Unit of the Treasury Department testified that Mrs. Harper and Jap Gleckman were in the courtroom during this trial, and that on several occasions they were seen in conversation with appellant and with each other. On one occasion Jap Gleckman was asked by court officials not to stand so close to the jurors. This first trial ended May 19, 1934. The case for retrial was placed on the calendar at the general November term, 1934, and that trial began November 12, 1934.

Leon M. Gleckman was president, a director of, and a stockholder in, the Republic Finance Company of St. Paul. In July, 1934, Fuchs visited Gleckman at the office of that company. At the latter's request Fuchs says he narrated the things that took place in the jury room and told how he had fought for appellant from the beginning. He testifies that he thanked Gleckman for the $300 he had received, and that appellant said "that is all right." Fuchs then asked Gleckman for a loan of $300, which Gleckman said he could arrange. However, Fuchs lacked collateral security and cosigners on a note, and his application to the Republic Finance Company was at first denied by its manager, Gleckman's son-in-law. Subsequently Fuchs did receive $250 at Leon M. Gleckman's direction. This so-called loan became delinquent on or about September 20, 1934. September 30, 1934, Fuchs wrote appellant a letter in which he said "anything I can do for you please let me know." October 11, 1934, through Gleckman's instructions Fuchs received $50 from the Republic Finance Company. This item was charged to Gleckman's account through what his son-in-law called "an error in bookkeeping." Early in November, before the commencement of the second trial, Gleckman telephoned Fuchs and made an appointment with him for that evening. He called for Fuchs, so the latter testifies, asked Fuchs to enter his automobile, and drove to a point about a block away. The appellant parked his car. Fuchs testifies

that appellant asked his advice about certain matters pertaining to the case soon to be retried, and promised, if he were acquitted, to endeavor to get Fuchs a position with the Republic Finance Company. November 16, 1934, while the second trial was in progress, Fuchs received $75 more from the Republic Finance Company at appellant's direction. These advances were characterized as loans, but it is to be observed that they were made without security and at the personal direction of appellant and upon appellant's intervention after the first application had been refused by the manager of the company. November 24, 1934, near the end of the second trial, Gleckman telephoned to Fuchs at his home. This appears in evidence by the testimony of Fuchs and by the telephone record at the Lowry Hotel, at which appellant was then a guest. In the conversation which ensued Gleckman asked Fuchs what he thought about the second trial and if he knew the juror Mrs. Henke who "worked for the Federal Land Bank." It will be remembered that Fuchs was then, or had been, employed at this same bank. Mrs. Henke was then sitting as a juror in the case. Fuchs replied that he had no contact with Mrs. Henke, but would go to the court, listen to the trial, and would probably call Mr. Gleckman. He did go to the courthouse. He was seen looking fixedly at the jury and it was observed that, apparently because of this, Mrs. Henke turned her face away. Fuchs was then asked to leave the courthouse. The second trial resulted in conviction.

The foregoing embodies the high points in the testimony offered and educed by the government. The defendant denies participation in the offenses charged, and, indeed, the defense depends entirely upon the alleged failure of the evidence to furnish substantial proof of such participation. We think, however, that the relationship of the parties, and the acts done, most of which stand practically undisputed, fully justify the inferences which led to the conclusion of the trial judge.

During the first trial of the income tax prosecution, both appellant and his brother "Jap" occupied rooms in the St. Paul Hotel. Appellant had several, one of which was numbered 306, and, on May 19, 1934, Jap Gleckman engaged an additional room, numbered 308. During this first trial the jurors were lodged at the St. Paul Hotel. During the second trial appellant occupied rooms at the Lowry Hotel. The $300 received by

Fuchs at the conclusion of the first trial were paid by Jap Gleckman at the direction of Mrs. Harper in accordance with her promise. The conduct of appellant after the first trial, and his dealings with Fuchs both before and during the progress of the second trial have a decided and convincing bearing upon his guilt as charged in cause No. 10933, the first information filed. We agree with the contention of counsel for the government that "what occurred in connection with the first trial throws light on the events that occurred in connection with the second trial, and that what occurred in connection with the second trial throws light on the events that occurred at the first trial." It follows that the judgment below should be affirmed, and it is so ordered.

Affirmed.